UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **CHRISTOPHER BLACKWELL**, <br><br> Defendant. | 4:15-CR-20152-TGB <br><br><br> **ORDER CONSTRUING LETTER (ECF NO. 223) AS HABEAS PETITION AND REQUIRING SUPPLEMENTATION** |

Defendant Christopher Blackwell has filed two letters inquiring about the requirements for appointment of counsel and the time limitations for him to file a § 2255 motion, or a habeas petition. ECF Nos. 223, 224.

In habeas proceedings, the Court has the discretion to decide whether to appoint counsel: it is "required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). In order to assess whether counsel should be appointed, the Court must have an idea of what errors occurred that the Defendant believes justify habeas relief. Although there is no general right to counsel in habeas cases, if a petitioner shows that he cannot obtain and pay for his own attorney, would have difficulty obtaining justice *without* an attorney, and would also have a reasonable chance of winning *with* an attorney, the Court will consider appointing counsel. *Thirkield v. Pitcher*,

1

199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Consequently, if Mr. Blackwell believes he has a possible habeas challenge to pursue, and that he can only succeed with the assistance of counsel, he must provide the Court with an explanation of what kind of constitutional error occurred in his conviction or sentence that he believes must be remedied.

As to the question of the time limit for habeas petitions, these can be filed up to one year after judgment becomes final. 28 U.S.C. § 2255(f). This one-year period runs from whichever of the following is the latest:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Based on the record, (2)-(4) are not applicable. Regarding (1), the date on which a judgment becomes final varies from case to case and takes into account any relevant appeals. Mr. Blackwell appealed the judgment in this case to the Sixth Circuit, which dismissed his appeal on April 11, 2018. ECF No. 218. After that, he had up to ninety days to petition the Supreme Court for certiorari, which he did not. Sup.

Ct. R. 13. His one-year period began at the end of that ninety days. *Clay v. United States*, 537 U.S. 522, 532 (2003). The date on which the judgment of conviction in this case became final was therefore July 11, 2018, and the time to file a § 2255 petition ended on July 11, 2019.

Here, Mr. Blackwell filed letters with the Court inquiring about his habeas rights on March 4 and April 17, 2019. ECF Nos. 223, 224. Pro se filings must be liberally construed, and occasionally this requires "active interpretation" on the part of the Court to ensure that allegations stating federal relief are resolved on the merits. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985); *see also Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). Given the fact that Mr. Blackwell was inquiring about the time-limit applicable to the filing of habeas petitions in these letters, the Court will construe his letter of March 4, 2019 as a habeas petition that was timely filed. However, that petition did not contain any description of the reasons supporting the need for habeas relief, as described above.

The Court will therefore permit Mr. Blackwell to supplement his petition with a statement describing the alleged errors that he believes supports his petition for habeas relief, **provided that he does so within 90 days of the date of this Order, or by May 10, 2021**. Mr. Blackwell may include within his petition a request to have counsel appointed, and the Court will consider that request together with the grounds set out in the petition. If no supplement is filed within 90 days, the petition will be dismissed.

3

Accordingly, it is hereby **ORDERED** that:

(1) Petitioner Blackwell shall submit a statement describing the grounds he believes supports his request for habeas relief **within 90 days of the date of this Order, or, by no later than May 10, 2021**;

(2) Petitioner Blackwell may also include a request for the appointment of counsel explaining why he believes his petition requires the assistance of counsel;

(3) If no supplement is filed within 90 days, this Petition will be dismissed.

The Clerk is also directed to appropriately indicate on the docket that ECF No. 223 is a motion.

**SO ORDERED**, this 10th day of February, 2021.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE