UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **CHRISTOPHER BLACKWELL**, Defendant. | 4:15-CR-20152-TGB-MJH <br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MOTION TO VACATE SENTENCE (ECF NO. 241)** |

Petitioner Christopher Blackwell pleaded guilty to aiding and abetting tampering with a witness by physical force. Though Blackwell later sought to withdraw his plea, the Court denied his request, and that decision was affirmed by the United States Court of Appeals for the Sixth Circuit. Petitioner Blackwell now moves to vacate, correct, or modify his sentence under 28 U.S.C. § 2255. Blackwell claims that the government committed prosecutorial misconduct by allegedly withholding certain evidence until Blackwell had pleaded guilty. Blackwell also argues that his counsel rendered ineffective assistance by failing to investigate various witness statements or demand the evidence that the government had allegedly withheld.

1

## I. BACKGROUND

The following facts are drawn from Blackwell's plea agreement. *See* Blackwell Plea Agreement, ECF No. 169. In 2013, a grand jury indicted Juawone Jones, Frank Hogg, and Jaquavious Towns for conspiracy to distribute cocaine base.[1] While he was detained in July, 2014, Hogg called Christopher Blackwell, the petitioner in this case. Hogg told Blackwell that he believed Jones, who had been released on bond, was cooperating with the government. ECF No. 169, PageID.759-60.

Four days later, Blackwell's co-defendant Lezlye Taylor met with Jones and drove around the city of Flint. *Id.* at PageID.760. While they drove, Taylor communicated her and Jones's location to Blackwell and Blackwell ultimately "arranged for [Jones] to be shot to prevent his testimony" in the underlying case before Judge Parker. *Id.*

Defendant Blackwell signed a plea agreement on August 31 2016. *Id.* at PageID.766. The Court accepted the agreement on December 21, 2016. A month later, Blackwell moved to withdraw his plea, arguing that he had not wanted to sign the plea agreement, but had felt coerced to do so by his lawyer and by the Court. *See* Motion to Withdraw Plea, ECF No. 185. The Court denied that motion. Transcript, ECF No. 196, PageID.1069. The Sixth Circuit affirmed the denial. *See* Order of the

---

[1] That case, *United States v. Hogg, et al.*, No. 13-20809-LVP, remains before the Hon. Linda V. Parker.

2

Sixth Circuit, ECF No. 218. Blackwell now moves to vacate his sentence under 28 U.S.C. § 2255.

## II.   LEGAL STANDARD

A prisoner serving a sentence imposed by a federal court may challenge that sentence under 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). As relief, the prisoner may move the court which imposed the sentence to correct, vacate, or set it aside. The law is clear that "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involve[] a fundamental defect which inherently results in a complete miscarriage of justice." *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotations omitted)). This standard is met only in exceptional circumstances; not every alleged error of law can be raised on a § 2255 motion. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Davis*, 417 U.S. at 346.

## III.   DISCUSSION

Petitioner raises two arguments: (1) that the government committed prosecutorial misconduct by withholding certain evidence until after Blackwell pleaded guilty; and (2) that Petitioner's lawyer

3

rendered ineffective assistance of counsel by failing to provide him with certain evidence and failing to investigate several witness statements. Mot. for Relief, ECF No. 241, PageID.1678-79.

### A. *The government did not withhold evidence*

Blackwell claims that the government withheld certain witness testimony until after he pleaded guilty. ECF No. 241, PageID.1677. He requests an evidentiary hearing to determine when the evidence was provided to the defense.

The Fourteenth Amendment's Due Process Clause requires the government to disclose to a criminal defendant exculpatory evidence material to guilt or punishment in the government's possession. *Brady v. Maryland*, 373 U.S. 83 (1963). There are three essential elements of a *Brady* violation: "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). "[F]avorable evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Kyles v. Whitley*, 514 U.S. 419, 433 (1995) (citation and internal marks omitted).

Blackwell's *Brady* claim is not supported because the evidence he

4

says he did not receive was in fact provided to his lawyer. As the government points out, evidence in this case was subject to a stipulated protective order. *See* Stip. Protective Order, ECF No. 133. Under the terms of that order, the identities, statements, and prior testimony of certain witnesses was to be disclosed to the defendants' attorneys only. *Id.* at PageID.525. Defense counsels were prohibited from disclosing that information to their clients "[u]ntil one week prior to trial," and were prohibited from attempting to "contact or interview witnesses identified by information obtained pursuant to [the] order until two weeks prior to trial." *Id.* at PageID.526.

The Federal Rules of Criminal Procedure specifically contemplate protective orders. *See* Fed. R. Crim. Pro. 16(d)(1) (explaining that "at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief"). Given the charges against Blackwell—arranging to shoot a person believed to be cooperating with the government in another case—a protective order delaying disclosure of information about possible cooperating witnesses was entirely reasonable. The Sixth Circuit has squarely held that no *Brady* violation arises and no new trial is justified when evidence is provided to a defendant's lawyer but, because of a protective order, the defendant is not permitted to see it until a certain stage of the case. *See United States v. Simels*, 636 F. App'x 13, 15-16 (2d Cir. 2015).

Accordingly, Blackwell's first claim of error is insufficient to show

5

that he was deprived of his constitutional right to due process.

### B. Blackwell's lawyer did not render ineffective assistance

Blackwell's second claim is that he was deprived of his right to counsel because his attorney rendered ineffective assistance in two ways: by failing to timely deliver discovery and failing to investigate the case. Mot., ECF No. 241, PageID.1678.

Claims of ineffective assistance are governed by the two-prong test set out in *Strickland v. Washington,* 466 U.S. 668 (1984). A petitioner must show (1) that their attorney's representation fell below an objective standard of reasonableness, and (2) prejudice: that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Blackwell charges that his attorney failed to deliver discovery material until after Blackwell pleaded guilty. While Blackwell does not specifically identify *what* discovery his lawyer purportedly withheld, it appears Blackwell is referring to the same witness statements discussed throughout his motion. *See* ECF No. 241, PageID.1679 ("Counsel failed to investigate the discovery, nor did he even give it (discovery) to the movant until after the movant had pled guilty. Had counsel investigated the evidence, he would have easily found that the witnesses testimony and statements did not 'match up.'").

For the same reasons discussed above, no error justifying relief under § 2255 arises when a lawyer complies with a court's order evidence

6

not to share evidence with the defendant until a certain stage in the case.

Blackwell's other argument is that his lawyer rendered ineffective assistance by failing to investigate certain witness statements. Blackwell points to several inconsistencies that he believes additional investigation would have found. *See* ECF No. 241, PageID.1679-81, 1683-84. Blackwell argues that, had counsel discovered this evidence, Blackwell would not have pleaded guilty, but would have proceeded to trial. *Id.* He further argues that, with this evidence in hand, no reasonable jury could have convicted him. *Id.* at PageID.1682.

At the outset, this argument is not persuasive, because there is no basis supporting Blackwell's contention that his lawyer did not review the evidence and discover the very inconsistencies Blackwell complains were overlooked. Blackwell does not consider the real possibility that his attorney was well aware of the inconsistencies, but made a strategic decision that they would make no difference at trial. This is particularly true in light of the statement in the government's response that Blackwell had admitted his own involvement in arranging the shooting, but lied about being at the scene, and that his inculpatory statement would have been offered against him at trial. *See* Gov't. Resp., ECF No. 248, PageID.1710-11. Consequently, it is more plausible that Blackwell's counsel *did* review the material, but nevertheless concluded that Blackwell's proceeding to trial would have been too risky in light of the evidence against him.

7

Moreover, as discussed below, the kinds of inconsistencies Blackwell identifies are relatively minor. Even if Blackwell's counsel did not review the material and failed to discover the evidence to which Blackwell alludes, such a failure would not be ineffective assistance of counsel unless Blackwell can show prejudice. When a criminal case is resolved by guilty plea, as this one was, the prejudice inquiry "will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). That assessment, in turn, will depend "in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.*

Blackwell contends that two witnesses testified inconsistently with prior statements and points to other purported inconsistencies in the investigatory notes. But most of these are so minor that they barely rise to the level of effective impeachment material, let alone evidence that "likely" would have changed the outcome of a trial.

For example, Blackwell says that Jones testified that the shooter called him a "snitch" and a "snake" before opening fire. But Jones had apparently previously told FBI agents that the shooter had instead shouted "snitch" and a racial epithet. ECF No. 241, PageID.1680. Elsewhere, Blackwell complains that two pages of a single report bore two conflicting dates, and of other minor inconsistencies between witness statements. The most significant of these is that Jones initially told police

8

shortly after the shooting that he did not know who had shot him, but later identified the shooter as Blackwell. This inconsistent statement could have used to impeach Jones and undermine his credibility if he testified.

But Blackwell pleaded guilty to aiding and abetting witness tampering by use of physical force. *See* ECF No. 169, PageID.759 (pleading guilty to a violation of 18 U.S.C. §§ 1512(a)(2)(A) and 18 U.S.C. 2). And he admitted to arranging the shooting. The government did not have to prove that Blackwell was or was not the shooter. So it is highly questionable whether Jones's purportedly inconsistent statement about the shooter's identity would have changed counsel's recommendation about whether to plead guilty.

Ultimately, the inconsistencies in the witness testimony must be weighed against the evidence against Blackwell that would have been presented at trial. Blackwell has not raised more than "speculative assertions" that, with this minimally exculpatory evidence in hand, his lawyer's recommendation as to the plea would have been different. *Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985). Even if Blackwell's lawyer did not review the purportedly missing evidence, Blackwell suffered no prejudice—the other evidence against him was overwhelming,

Most critically, as mentioned, Blackwell confessed to arranging the shooting in a proffer session. *See* FBI 302 Report, ECF No. 183-6,

PageID.903-05. Blackwell's admission would have presented a virtually insurmountable obstacle at trial. *See, e.g.*, *Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 848-49 (6th Cir. 2017) ("[a]ny minor inconsistencies [Defendant] now points out ... could not possibly have changed the impact of [his] confession ..."). At trial, Blackwell's counsel would have had to convince the jury that Blackwell had lied to investigators when he admitted his own involvement.

And although Blackwell both denied being present for the shooting itself and claimed the shooting was motivated purely by personal animus and not because Blackwell believed Jones was a cooperating witness, substantial evidence would have undermined Blackwell's position at trial. That evidence included jail call records showing that Blackwell had spoken to Hogg, a defendant in the underlying case, shortly before the shooting. *See* Hogg Jail Calls, ECF No. 183-2, PageID.898. Records show that Blackwell promised Hogg that he would "holler at [Jones] for [him]," assuring Hogg that he wouldn't have to "worry about" Jones anymore. *Id.* Jones was shot just days later. Also available were phone records showing multiple calls between Blackwell and the other co-conspirators the night of the shooting. Blackwell Phone Records, ECF No. 183-7. Moreover, multiple witnesses identified Blackwell as present at the scene of the shooting. And, finally, Blackwell admitted to a jailhouse informant that he had participated in the shooting. Informant Statements, ECF Nos. 183-8; 183-9.

10

All of this is more than enough to overcome the marginally exculpatory nature of the inconsistent witness statements Blackwell complains were not disclosed to him. Blackwell has not shown that the purportedly missing evidence would have had a substantial likelihood of altering his attorney's recommendation whether to accept or reject a plea agreement when considering along with all the inculpatory evidence that would have been presented at a trial.

Finally, Blackwell appears to argue that his plea was not knowingly and intelligently entered. He says that, because his lawyer rendered ineffective assistance, he did not have full knowledge of the evidence against him. *See* ECF No. 241, PageID.1684.

When a habeas petitioner claims that their guilty plea was motivated by the erroneous advice of counsel, the question is whether counsel's advice was "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). Thus, the same *Strickland* test is used to analyze ineffective assistance of counsel claims in the plea context. *Hill*, 474 U.S. at 58. And for reasons discussed above, Blackwell's attorney did not render ineffective assistance.

In any event, this Court previously rejected Blackwell's motion to withdraw his guilty plea after receiving briefing and hearing argument in open court. *See* Transcript, ECF No. 196, PageID.1069. As the Court explained, Blackwell's plea was a "fair and thorough guilty plea in which

11

[Blackwell] was under oath" and gave answers that satisfied the Court that Blackwell's plea was voluntary. *Id.* at PageID.1068-69. When Blackwell expressed concerns, the Court took a recess and allowed Blackwell to consult with his family and his attorney. *Id.* And ultimately, "[i]t was Mr. Blackwell who asked to enter a guilty plea" after that recess. *Id.* at PageID.1069. And when Blackwell appealed the Court's decision, the Sixth Circuit determined that Blackwell had waived his right to appeal in his plea agreement, and that the plea agreement was knowingly and voluntarily entered. *See* ECF No. 218, PageID.1470-71.

## IV. CONCLUSION

For the above-stated reasons, Petitioner Christopher Blackwell's motion for relief under 28 U.S.C. § 2255 must be **DENIED**. Blackwell's request for the appointment of counsel (ECF Nos. 223, 242) will also be **DENIED AS MOOT**.

**SO ORDERED.**

Dated: May 31, 2023           s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE